OPINION
{¶ 1} This is an appeal by Appellant Jodi Elaine McKee from the granting of a motion for placement of Chelsey McKee in a Planned Permanent Living Arrangement (PPLA).
 {¶ 2} Appellee is Muskingum County Children Services (MCCS).
 {¶ 3} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} The undisputed facts are as follows:
 {¶ 7} On February 5, 2003, MCCS filed a Complaint alleging that the minor child, Chelsey McKee, D.O.B. 8/11/89, was a neglected, abused and/or dependent child.
 {¶ 8} The Complaint specifically alleged that Appellant had failed to properly supervise her daughter and protect her from engaging in sexual activity with men considerably older than her.
 {¶ 9} The Complaint included a brief history explaining that Chelsey McKee had been a victim of sexual assault in January, 2002. In July, 2002, a referral was made to MCCS with regard to Chelsey engaging in sexual conduct with a 21 year old man. MCCS opened the case at this time and provided family services. It was discovered sometime thereafter that Chelsey was pregnant. Upon further investigation, Chelsey admitted that she had continued to engage in sexual activity in spite of MCCS's intervention.
 {¶ 10} In the prayer of the Complaint, MCCS sought a disposition of temporary custody or in the alternative, protective supervision.
 {¶ 11} On February 6, 2003, a shelter care hearing was held on said Complaint.
 {¶ 12} The trial court found that continuation in the home would be contrary to the best interest and welfare of the child, and that MCCS had made reasonable efforts to prevent removal of the child from the home.
 {¶ 13} On March 3, 2003, MCCS filed a case plan which included, inter alia, a psychological evaluation of appellant which had been conducted by Dr. David Tennenbaum. Said evaluation concluded that Appellant functions at the late elementary level with a full scale IQ of 66. The diagnostic impressions were Neglect of Child, Borderline Intellectual Functioning and Personality Disorder.
 {¶ 14} On April 30, 2003, the matter came on for adjudicatory hearing and final disposition. At said hearing, the trial court found Chelsey McKee to be a dependent child as defined in R.C. § 2151.04(c) and placed her in a Planned Permanent Living Arrangement with MCCS.
 {¶ 15} It is from this decision that Appellant now appeals, assigning the following errors:
 ASSIGNMENTS OF ERROR {¶ 16} "I. Imposition of the planned permanent living arrangement violates appellant's procedural right to due process of law.
 {¶ 17} "II. The juvenile court does not have the authority to place children in a planned permanent living arrangement unless all statutory prerequisites contained in O.R.C. 2151.353(A)(5) are satisfied."
 I. {¶ 18} In both assignments of error, Appellant argues that the trial court erred in ordering the minor child into a Planned Permanent Living Arrangement. We agree.
 {¶ 19} Revised Code 2151.353 controls the disposition of abused, neglected or dependent children and states, in pertinent part:
 {¶ 20} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 {¶ 21} "(1) Place the child in protective supervision;
 {¶ 22} "
 {¶ 23} "(5) Place the child in a planned permanent living arrangement with a public children services agency or private child placing agency, if a public children services agency or private child placing agency requests the court to place the child in a planned permanent living arrangement and if the court finds, by clear and convincing evidence, that a planned permanent living arrangement is in the best interest of the child and that one of the following exists:
 {¶ 24} "(a) The child, because of physical, mental, or psychological problems or needs, is unable to function in a family-like setting and must remain in residential or institutional care.
 {¶ 25} "(b) The parents of the child have significant physical, mental, or psychological problems and are unable to care for the child because of those problems, adoption is not in the best interest of the child, as determined in accordance with division (D) of section 2151.414
of the Revised Code, and the child retains a significant and positive relationship with a parent or relative.
 {¶ 26} "(c) The child is sixteen years of age or older, has been counseled on the permanent placement options available to the child, is unwilling to accept or unable to adapt to a permanent placement, and is in an agency program preparing the child for independent living.
 {¶ 27} "
 {¶ 28} (B) No order for permanent custody or temporary custody of a child or the placement of a child in a planned permanent living arrangement shall be made pursuant to this section unless the complaint alleging the abuse, neglect, or dependency contains a prayer requesting permanent custody, temporary custody, or the placement of the child in a planned permanent living arrangement as desired, the summons served on the parents of the child contains as is appropriate a full explanation that the granting of an order for permanent custody permanently divests them of their parental rights, a full explanation that an adjudication that the child is an abused, neglected, or dependent child may result in an order of temporary custody that will cause the removal of the child from their legal custody until the court terminates the order of temporary custody or permanently divests the parents of their parental rights, or a full explanation that the granting of an order for a planned permanent living arrangement will result in the removal of the child from their legal custody if any of the conditions listed in divisions (A)(5)(a) to (c) of this section are found to exist, and the summons served on the parents contains a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120. of the Revised Code if they are indigent."
 {¶ 29} Upon reviewing the Complaint in this matter, we find that that the MCCS never requested the placement of the minor child in a PPLA as required by R.C. 2151.353(A) and (B).
 {¶ 30} Appellee, in its brief, submits that it is in agreement that this matter should be remanded for a new dispositional hearing.
 {¶ 31} Based on the foregoing, we find Appellant's first and second assignments of error well-taken and sustain same.
 {¶ 32} The decision of the trial court imposing the Permanent Planned Living Arrangement is vacated and this matter is remanded to the Juvenile Court to conduct a new and complete dispositional hearing.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.